Peter Pappas, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

Gen. No. 15,334.

NEW TRIAL—*when newly discovered evidence constitutes ground for.* If the newly discovered evidence is material and not cumulative nor impeaching in character and no lack of diligence in obtaining it is shown, a new trial should be awarded.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed January 13, 1911.

CHARLES J. GOULD and FERDINAND Goss, for plaintiff in error.

E. F. DUNNE and D. P. MURPHY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error recovered a judgment in the Municipal Court of Chicago for injuries to per-

sonal property alleged to have been sustained through negligence of the plaintiff in error in the operation of a street car, which ran into and against a team and wagon of the defendant in error in the city of Chicago.

The evidence was conflicting on the question of negligence, and the decision upon it turns mainly upon the credence to be given to the witnesses testifying on behalf of the respective parties.

One of the grounds urged in the court below by plaintiff in error in support of its motion for a new trial, was that of newly discovered evidence set forth in the affidavit of Charles J. Gould, which was filed and presented to the court on the hearing of the motion.

From this affidavit it appears that after the trial of the case had been completed, another case in which one Mastorakos was plaintiff against plaintiff in error, brought to recover damages for negligence causing personal injuries growing out of the same accident was brought on for trial, and in the trial it developed that George W. Tessman, one of defendant in error's principal witnesses, was the same person who gave the name of "G. Finucane" to the conductor of the car at the time of the accident; and further, that Tessman was actually in the employ of plaintiff in error on the morning of the accident in question, and was known at the barn of plaintiff in error as "G. Finucane;" that his wife called at the barn and gave the name of "Mrs. Finucane." It also appeared at the trial of the Mastorakos case, from the testimony of two barn superintendents, that Tessman was discharged from the employ of plaintiff in error several days after the accident in this case.

From this affidavit it appears that Tessman admitted in his testimony in the Mastorakos case that he had testified untruthfully in the trial of the Pappas case when he stated in effect that he, Tessman, was not the same person who signed the name of G. Finu-

cane to the card given to the conductor after the accident, and that he never went by or under the name of Finucane.

It is also clear that he misled plaintiff in error and the court and jury in the trial now before us into believing that G. Finucane, whose name was given at the time of the accident, was also present at the time of the accident under review, and that the witness was another person than Tessman, and thus prevented plaintiff in error from showing that Tessman was actually in the employ of plaintiff in error at the time of the accident in question under the name of Finucane, and that he was discharged by plaintiff in error several days after the accident.

Tessman's testimony at the trial under review was important. He stated that he was riding on the front platform of the car in a position where he was able to see and did see all the circumstances leading up to and surrounding the accident out of which the case under review grew; and in effect that the car was far enough away from the team when the horse stumbled and fell to enable the motorman to stop it before it reached the team, and that no effort was made to stop the car.

We are of the opinion that the court erred in denying the motion for a new trial upon the facts shown, for it was of great importance to plaintiff in error to have the facts subsequently developed before the jury in the trial under review, in order that they might consider them in connection with the very material facts testified to by the witness.

The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*